**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:24-CR-83 (KAD) |
| | : | |
| v. | : | |
| | : | |
| KYLE PETERSEN | : | June 16, 2026 |

**MEMORANDUM OF DECISION**
**RE: DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE/SENTENCE**
**REDUCTION (ECF NO. 82)**

Kari A. Dooley, United States District Judge:

Defendant Kyle Petersen has moved *pro se* pursuant to 18 U.S.C. § 3582(c)(1)(A) for a sentence reduction in light of, *inter alia*, the low-purity level of the methamphetamine he possessed, an unwarranted sentencing disparity relative to a similarly situated defendant, and his post-sentencing rehabilitation efforts. Mr. Petersen pled guilty to conspiracy to distribute and possession with intent to distribute controlled substances, to include, *inter alia*, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. He was sentenced on July 3, 2025, to a mandatory minimum period of incarceration of 120 months to be followed by 5 years of supervised release. *See* J., ECF No. 78. The Government opposes Mr. Petersen's motion on the grounds that he has failed to show extraordinary and compelling reasons warranting a sentence reduction and because the § 3553(a) factors counsel against any such reduction. *See* Opp., ECF No. 83. Mr. Petersen has filed two additional documents, both labeled as memoranda in support of his motion. The Court construes ECF No. 84 as a supplemental memorandum to the motion for sentence reduction and ECF No. 85 as a reply brief. For the reasons that follow, the motion is **DENIED**.

**Standard of Review**

A court may modify a term of imprisonment on compassionate release grounds in two circumstances: (1) upon motion of the Director of the Bureau of Prisons, or (2) upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Mr. Petersen requested a sentence reduction on January 23, 2026 which the Warden denied on January 30, 2026. *See* Mot., ECF No. 82 at 2–3. The Government agrees that Mr. Petersen has exhausted his administrative remedies. *See* Opp., ECF No. 83 at 5.

Upon exhaustion of a defendant's administrative remedies, § 3582(c)(1)(A) provides that a district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in section 3553(a)," if it finds "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020). A district court's "reasonable evaluation of the [s]ection 3553(a) factors is 'an alternative and independent basis for denial of compassionate release.'" *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (quoting *United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021) (summary order)) (citing *United States v. Butler*, 845 F. App'x 74, 76–77 (2d Cir. 2021).

As indicated above, Mr. Petersen pled guilty to conspiracy to distribute and to possess with intent to distribute controlled substances. At sentencing, Mr. Petersen's advisory guideline range was 87 to108 months of imprisonment. However, as he was subject to a mandatory minimum sentence of 120 months, the advisory guideline range became 120 months. *See* 21 U.S.C. § 841(b)(1)(A)(viii). Only eight months after sentencing, Mr. Petersen filed the instant motion

wherein he essentially asks the Court to reconsider his sentence, unrestricted on a compassionate release motion by the mandatory minimum mandated by Congress. But in so doing, he has failed to show extraordinary and compelling reasons for a sentence reduction.

**Discussion**

*Extraordinary and Compelling Reasons*

Mr. Petersen first argues that the guidelines inappropriately failed to take into account the purity of the methamphetamine he possessed. By failing to account for the low purity level of the controlled substances he possessed, he argues, the "drug weight" grossly overstated the seriousness of the offense. *See* Mot., ECF No. 82 at 4; Supp. ECF No. 84 at 2. He next argues that in a different methamphetamine case involving a similarly situated defendant, the sentence was significantly lower thus demonstrating an unwarranted sentencing disparity between himself and this other defendant. See Mot., ECF No. 82 at 5; Reply, ECF No. 85 at 3. Finally, he cites to his exceptional rehabilitation efforts. Mot., ECF No. 82 at 5; Supp., ECF No. 84 at 3; Reply, ECF No. 85 at 4. The Court concludes that none of these circumstances, individually or in combination, present extraordinary or compelling reasons for a sentence reduction.

Mr. Petersen first contends that because the offense involved "low-purity methamphetamine," only 47 grams of pure methamphetamine was present rather than the total mixture weight of 1,171.8 grams. Mot., ECF No. 82 at 4. The Court previously addressed this argument when it was raised at sentencing. *See* Tr., ECF No. 81 at 17. The Court explained that the mandatory minimum sentence was "a product of the statutes" rather than the sentencing guidelines. *Id*. The Court further explained that lower purity methamphetamine that has been diluted has the potential to reach many more people, which provides context for why the guidelines result in a higher guideline range. *Id*. However, whether the guideline range should have been

3

lower or the purity argument provided a basis to vary downward from the range is of no moment. The guideline range was still *below* the mandatory minimum sentence proscribed by Congress and Mr. Petersen was sentenced to that statutory mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(A)(viii). In other words, whatever flaws Mr. Petersen identifies with respect to the guidelines, they simply had no impact on the sentence imposed.

Further, Mr. Petersen urges this Court to rethink his sentence and to conduct an individualized assessment of the Section 3553(a) factors, "unconstrained" by the mandatory minimum required by statute. *See* Reply, ECF No. 85 at 2 ("The relevant question is whether the Court, now unconstrained by the same statutory floor in the § 3582 context, should continue to require service of the entire 120 months. Where the original sentence was dictated by a mandatory minimum rather than by unconstrained judicial discretion, that is a legitimate and weighty consideration in the compassionate-release analysis."). But the Supreme Court has recently all but foreclosed this argument. In *Rutherford v. United States*, 608 U. S. ____ (2026), a defendant had sought a sentence reduction or compassionate release arguing that Congress's nonretroactive reduction in mandatory minimum sentences under 18 U.S.C. § 924(c) provided an extraordinary and compelling reason for a sentence reduction. *Id.* at 2–3. Petitioner Rutherford argued that under the present sentencing scheme, his mandatory sentence would have been significantly lower and thus relied upon the statutory change (although nonretroactive) as a basis to seek a reduction in sentence. *See id.* The Supreme Court held that "[w]hen Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an 'extraordinary and compelling reason[n]' that 'warrant[s]' a sentence reduction." *Id.* at 8 (alterations in original) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). In rejecting

petitioner's "all-things-considered" argument which would permit the district court to consider the postamendment sentencing disparity, the Court stated:

> The implications of this argument are sweeping.  Indeed, its logic extends well beyond nonretroactive sentencing amendments to disagreement with the length of any punishment on the books.  Take a judge who believes that a mandatory minimum is unduly harsh.  Could she treat the severity of the sentence as an "extraordinary and compelling reason" for compassionate release?  Petitioners refused to rule out this possibility at oral argument. . . . Yet "[i]t is the legislature, not the Court, which is to define a crime, and ordain its punishment."
>
> *Id*. at 15 (alterations in original; omission added).

"Treating the severity of a mandatory penalty as a reason for compassionate release rejects Congress's judgment that the punishment fits the crime."  *Id*. (footnote omitted) (quoting *United States v. Wiltberger*, 5 Wheat. 76, 95 (1820)).  Accordingly, the Court may not substitute its judgment for that of Congress and does not reconsider the length of Plaintiff's sentence based upon an "unconstrained" analysis of the § 3553(a) factors.

Mr. Petersen next raises an alleged sentencing disparity between his sentence and that of another defendant in the Northern District of New York.  *See* J., *United States v. Gil*, No. 1:25-cr-00110 (N.D.N.Y. Sept. 29, 2025).  "In imposing a sentence, the district court is required to consider, among other things, 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'"  *United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008) (citation omitted) (quoting 18 U.S.C. § 3553(a)(6)).

> "Although the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct is a factor district courts must consider" under 18 U.S.C. § 3553(a)(6) when imposing a sentence, "that provision does not require a district court to conform its sentence to any single other sentence adduced by a defendant." *United States v. Halloran*, 821 F.3d 321, 341 (2d Cir. 2016); *see also id.* (upholding a district court's decision not to consider "the two-year sentence imposed upon former Virginia Governor Bob McDonnell in an unrelated bribery case in the Eastern District of Virginia"). Indeed, the "primary purpose" of § 3553(a)(6) is "to reduce unwarranted sentence

5

disparities" on a *nationwide* level.  *United States v. Johnson*, 505 F.3d 120, 123 (2d Cir. 2007) (quoting *United States v. Wills*, 476 F.3d 103, 109 (2d Cir. 2007)).

*United States v. Sampson*, 898 F.3d 287, 314 (2d Cir. 2018).

Mr. Petersen's argument premised on Mr. Gil's sentence is meritless.

Even if this argument were not foreclosed by *Sampson*, Mr. Petersen has not demonstrated that he and the other defendant, Mr. Gil, are similarly situated.  He asserts only that Mr. Gil also sold low-purity methamphetamine pills and was sentenced to 51 months incarceration.  *See* Mot., ECF No. 82 at 5.  There is a dearth of information regarding Mr. Gil's criminal history, the amount of controlled substances in his possession, or any other information regarding the myriad of factors that would inform an appropriate sentence.  *See* ECF Nos. 82, 84–85; *see also* 18 U.S.C. § 3553(a).  Mr. Petersen's mere assertion that they are similarly situated is insufficient.  As such, Mr. Gil's sentence provides no support for a sentence reduction here.

Finally, Mr. Peterson relies on his rehabilitative efforts.  Although rehabilitation may be considered in conjunction with other extraordinary and compelling factors, none have been demonstrated here.  And post-sentencing rehabilitation alone is insufficient to warrant a sentence reduction, particularly only eight months after sentencing.  *See Brooker*, 976 F.3d at 238 ("[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason." (alterations in original) (citation omitted)).

For all of these reasons, Mr. Petersen has not demonstrated any extraordinary and compelling reasons for a reduction in his sentence.

*Section 3553(a) Factors*

Because Mr. Petersen has failed to demonstrate any extraordinary and compelling reason to reduce his sentence, the Court need not, indeed cannot, conduct an independent analysis of the statutory factors when deciding his motion.  *Rutherford*, slip op. at 13–14 ("Before determining

the extent of a reduction based on the § 3553(a) factors, a court must first ensure that a movant is part of the 'limited class of prisoners' who are 'eligible' for such a reduction. . . . And whether a prisoner is eligible depends on whether he can offer 'extraordinary and compelling' reasons that 'warrant' compassionate release, not on the § 3553(a) factors." (citations omitted)).[1]

**Conclusion**

For the foregoing reasons, Mr. Petersen's motion for compassionate release/sentence reduction, ECF No. 82, is DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 16th day of June 2026.

 /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[1] Even if Mr. Petersen had identified an extraordinary and compelling reason for a sentence reduction, given the entirety of the record in this case, an analysis of the section 3553(a) factors would not counsel a lower sentence than was imposed. Mr. Petersen was also sentenced, at the same time, in a companion case in which he faced a violation of supervised release, having previously been federally prosecuted for narcotics trafficking. While the Court had the discretion to impose a concurrent sentence on the supervised release violation, thus capping the combined sentence at the mandatory minimum 120 months, the Court chose to impose a consecutive sentence for a total effective sentence of 138 months of incarceration in order to "achieve an appropriate sentence in combination." Tr., ECF No. 81 at 21–22.

7